**Order entered July 18, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00182-CR
### No. 05-14-00183-CR

**TRAVIS LEE ANDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-50734-J, F12-53080-J**

## ORDER

Appellant's motion to supplement the record on appeal and to hold the briefing schedule in abeyance is before the Court. In his motion, appellant contends his brief was not timely filed by the extended due date because the reporter's record of the plea hearing was not filed. Appellant points out that the clerk's record reflects discrepancies on the date the plea hearing might have been held with the plea paperwork dated August 29, 2013 by the parties and October 3, 2013 by the trial court. Appellant further points out that the trial court stated during the January 3, 2014 punishment hearing that the plea hearing was held on November 8, 2013.

Our records reflect a supplemental reporter's record of the plea hearing was filed on June 20, 2014. The plea hearing record reflects the plea was heard on October 3, 2013 and the case

was set for a punishment hearing on November 8, 2014. The punishment hearing was held on January 3, 2014. The reporter's record appears to be complete. Accordingly, appellant's motion is **DENIED**.

We **ORDER** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     LANA MYERS
         JUSTICE